UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZIJIA CHENG,<br><br>      *Plaintiff*,<br><br>v.<br><br>JUSTIN GU,<br><br>      *Defendant*. | Civil Action No. _____ |

**COMPLAINT AND JURY DEMAND**

Plaintiff Zijia Cheng, by and through her attorneys, Kajko, Weisman & Colasanti, LLP, for her Complaint alleges as follows:

## PARTIES

1. Plaintiff Zijia Cheng ("Plaintiff") is an individual residing at 6 Norwich Road, Wellesley, Massachusetts 02482.

2. Defendant Justin Gu ("Defendant"), upon information and belief, is an individual residing at 2692 Louis Road, Palo Alto, California 94303.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on the parties' diversity of citizenship and because the amount in controversy exceeds $75,000.00.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

5. Plaintiff and Defendant first met while attending a summer educational program at the University of Pennsylvania.

6. In early July 2022, Defendant contacted Plaintiff and informed her that he would be traveling to Boston.

7. Defendant asked Plaintiff if he could stay at Plaintiff's home during his upcoming trip.

8. Plaintiff told Defendant that he could.

9. Defendant arrived in Boston on July 7, 2022.

10. Plaintiff and her family friend, Lily, picked up Justin at the Back Bay MBTA station.

11. Plaintiff, Lily, and Defendant went out to brunch in the city.

12. Afterwards, Plaintiff, Lily, and Defendant went back to Plaintiff's home in Wellesley.

13. Later that evening, Plaintiff and Defendant went out to dinner at Ramsay's Kitchen in Boston. Lily elected to stay at Plaintiff's home in Wellesley.

14. Plaintiff and Defendant returned to Plaintiff's home in Wellesley at approximately 11:30 P.M.

15. Plaintiff informed Defendant that he could sleep in the basement.

16. Between approximately midnight and 2:00 A.M. on July 8, 2022, Plaintiff, Lily, and Defendant consumed various amounts of alcohol while hanging out in the basement.

17. Lily ultimately left the common area of the basement and retreated to a guest bedroom for the rest of the night.

18. At some point thereafter, Plaintiff went to the bathroom located in the basement.

19. Defendant approached Plaintiff from behind and dragged her to a mattress situated on the floor.

20. Defendant began hugging Plaintiff from behind and stated that he was "really horny."

21. Defendant demanded that Plaintiff touch his genitals.

22. Plaintiff explicitly denied Defendant's unwanted sexual advances and contact.

23. Despite Plaintiff's clear statement that she did not want to engage in sexual contact with Defendant, Defendant proceeded to reach down Plaintiff's pants towards Plaintiff's vagina.

24. Defendant also groped and fondled Plaintiff's breasts.

25. Plaintiff slapped Defendant in the face in an effort to stop his unwanted and nonconsensual sexual contact.

26. Defendant responded to Plaintiff's slap by laughing.

27. Plaintiff ultimately fell asleep on the mattress.

28. Prior to falling asleep, Plaintiff was wearing an oversized t-shirt and sweatpants.

29. At some point after Plaintiff had fallen asleep, Defendant removed Plaintiff's sweatpants.

30. Plaintiff awoke to Defendant performing oral sex on her vagina.

31. Plaintiff did not consent to Defendant performing oral sex on her vagina.

32. Defendant began penetrating Plaintiff's vagina with his fingers.

33. Plaintiff did not consent to Defendant penetrating her vagina.

34. Plaintiff began to cry and demanded that Defendant leave her home.

35. But the Defendant did not immediately leave. Instead, Defendant left the basement and went upstairs to the first floor.

36. Plaintiff awoke later that morning with her mother at her side.

37. Plaintiff and her mother walked upstairs and encountered Defendant sitting at the kitchen table.

38. Defendant apologized to the Plaintiff for sexually assaulting Plaintiff earlier that night.

39. Plaintiff did not respond and went upstairs.

40. Plaintiff proceeded to call Defendant from her bedroom.

41. During that phone call, Defendant admitted that he had sexually assaulted Plaintiff.

## COUNT ONE
(Battery)

42. Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

43. By engaging in the explicit sexual behavior and lewd and lascivious conduct described above, Defendant acted intentionally so as to cause unjustified harmful and offensive contact and touching of the Plaintiff, and repeatedly performed such unjustified and offensive physical contact and touching of the Plaintiff.

44. As a direct and proximate result of Defendant's unjustified harmful and offensive physical contact and touching, Plaintiff suffers, has suffered, and will continue to suffer in the future, physical injuries, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment, humiliation, and financial expenses for medical and therapeutic care and treatment.

45. By reason of the foregoing, Defendant is liable to the Plaintiff for battery in an amount to be determined at trial.

## COUNT TWO
(Assault)

46. Plaintiff repeats, realleges, and incorporates by refence each of the foregoing paragraphs as if fully set forth herein.

47. By engaging in the explicit sexual behavior and lewd and lascivious conduct described above, Defendant acted intentionally as to cause harmful and offensive contact with the Plaintiff.

48. By engaging in the explicit sexual behavior and lewd and lascivious conduct described above, Defendant placed the Plaintiff in imminent and reasonable apprehension of said harmful and offensive contact.

49. As a direct and proximate result of Defendant placing the Plaintiff in imminent and reasonable apprehension of harmful and offensive contact, the Plaintiff suffers, has suffered, and will continue to suffer in the future, physical injuries, pain and suffering, serious and severe

psychological and emotional distress, mental anguish, embarrassment, humiliation, and financial expenses for medical and therapeutic care and treatment.

## COUNT THREE
(Intentional Infliction of Emotional Distress)

50. Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

51. By engaging in the explicit sexual behavior and lewd and lascivious conduct described above, Defendant intended to inflict emotional distress upon the Plaintiff, or knew or should have known that emotional distress was the likely result of Defendant's conduct.

52. The conduct of Defendant in engaging in the explicit sexual behavior and lewd and lascivious conduct described above is extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

53. The mental distress and emotional injuries which the Plaintiff suffers, has suffered, and will continue to suffer were severe and of a nature that no reasonable person could be expected to endure.

54. As a direct and proximate result of Defendant's unjustified harmful and offensive physical contact and touching, the Plaintiff suffers, has suffered, and will continue to suffer in the future, physical injuries, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment, humiliation, and financial expenses for medical and therapeutic care and treatment.

55. By reason of the foregoing, Defendant is liable to the Plaintiff for intentional infliction of emotional distress in an amount to be determined at trial.

## JURY DEMAND

56. Plaintiff demands a trial by jury on all issues and claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Zijia Cheng respectfully requests that this Court enter the following relief:

A.  Enter judgment in Plaintiff's favor and against Defendant on all counts asserted herein;

B.  Award Plaintiff compensatory damages and statutory interest on all counts asserted herein; and

C.  Order such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

ZIJIA CHENG,

By her attorneys,

*/s/ Edward A. Prisby*
Edward A. Prisby, Esq. (BBO# 655217)
Korey S. Kajko, Esq. (BBO# 707342)
KAJKO, WEISMAN & COLASANTI, LLP
430 Bedford Street, Suite 390
Lexington, MA 02420
Tel.:   781-860-9500
Fax:   781-863-0046
epribsy@massfirm.com
kkajko@massfirm.com

Dated: May 24, 2023